# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NAOMI M. BADMAN, | : | |
|            Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | No. 19-4246 |
| | : | |
| WAL-MART STORES, INC., et al., | : | |
|            Defendants. | : | |

**McHUGH, J.**                                                                                     **November 6, 2019**

## MEMORANDUM

This is a routine action to recover for personal injuries that raises no substantive issues of federal law. Plaintiff alleges that she was injured at a Pennsylvania Walmart. To recover for her injuries, Plaintiff filed a complaint in the Court of Common Pleas of Philadelphia County. In her complaint, Plaintiff named as defendants four Walmart entities: Wal-Mart Stores, Inc.; Wal-Mart Stores East, LP; WSE Investment, LLC; and WSE Management, LLC (hereinafter Walmart Defendants). Plaintiff also named Brenda Moore, an assistant store manager at the Walmart at which Plaintiff allegedly was injured. The Walmart Defendants are not citizens of Pennsylvania; Moore, like Plaintiff, is.

The Walmart Defendants have removed the case from the Court of Common Pleas, alleging that I may exercise diversity jurisdiction over the action. ECF 1. Walmart Defendants contend that complete diversity exists even though Plaintiff also has named Moore, a nondiverse party, as a defendant. According to Defendants, complete diversity exists because the nondiverse defendant was joined only to destroy diversity jurisdiction, thus implicating the "fraudulent joinder" exception to the complete diversity requirement. ECF 1, ¶ 9. Plaintiff

responds that the nondiverse defendant was properly joined under Pennsylvania law and moves to remand the case back to state court. ECF 7. For the reasons that follow, I will grant Plaintiff's motion.

A defendant has the right to remove a civil action from state court if the case could have been brought originally in federal court. 28 U.S.C. § 1441(a). For removal based on diversity of citizenship, federal jurisdiction requires complete diversity between the parties—every plaintiff must be of diverse state citizenship from every defendant. 28 U.S.C. § 1332(a); *In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006). Given that Plaintiff and Defendant Moore are both Pennsylvania citizens, if Moore is properly joined, complete diversity does not exist.

The doctrine of fraudulent joinder is an exception to the complete diversity requirement. *In re Briscoe*, 448 F.3d at 215-16. In an action that does not appear to satisfy the requirements for diversity jurisdiction, defendants may assert "fraudulent joinder" and establish complete diversity if they can demonstrate that there is no lawful basis for recovery against the nondiverse defendant. *Id.* at 216. However, the fraudulent joinder exception "should not be invoked lightly" because the "removal statutes are to be strictly construed against removal." *Ramos v. Wal-Mart Stores, Inc.*, 202 F. Supp. 3d 457, 462 (E.D. Pa. Aug. 18, 2016) (quoting *In re Briscoe*, 448 F.3d at 217). Indeed, a plaintiff's decision to join a nondiverse party may be considered fraudulent only if "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants." *In re Briscoe*, 448 F.3d at 217. Stated differently, diverse defendants alleging fraudulent joinder must show not just that the claims against the nondiverse defendant lack merit, but that those claims are "wholly insubstantial and frivolous." *Id.* at 218. That standard imposes a "heavy burden of persuasion" on the removing party. *See id.* at 217.

The Walmart Defendants cannot carry that heavy burden. They argue that Defendant Moore, a citizen of Pennsylvania, was joined only to destroy diversity jurisdiction. To be sure, Walmart Defendants have some basis for that contention. Plaintiff brought an earlier action in state court against Walmart Defendants alone and, immediately following a notice of removal, voluntarily dismissed that action only to refile in state court naming Moore, a nondiverse defendant. But such maneuvering has no legal relevance. As the Supreme Court held long ago, "in a removal proceeding the motive of a plaintiff joining defendants is immaterial, provided there is in good faith a cause of action against those joined." *Mecom v. Fitzsimmons Drilling Co.*, 284 U.S. 183, 189 (1931). Even a specific intent to avoid federal jurisdiction is of no moment: "The fact that the plaintiffs' motive for joining a [nondiverse] defendant is to defeat diversity is not considered indicative of fraudulent joinder." *Abels v. State Farm Fire & Casualty Co.*, 770 F.2d 26, 32 (3d Cir. 1985) (Higginbotham, J.).[1] The controlling question is whether the claims against the nondiverse defendant are "wholly insubstantial and frivolous." *See, e.g.*, *Bradley-Williams v. Agency Insurance Company of Maryland, Inc.*, 282 F. Supp. 3d 882, 883-84 (E.D. Pa. 2017) (McHugh, J.); *Chaborek v. Allstate Financial Services, LLC*, 254 F. Supp. 3d 748, 750-51 (E.D. Pa. 2017) (McHugh, J.); *see also Salley v. AMERCO*, 2013 WL 3557014, at *3 (E.D. Pa. July 15, 2013) (DuBois, J.) (noting that fraudulent joinder is "reserved for situations where recovery from the nondiverse defendant is a clear legal impossibility").

Under Pennsylvania law, as a store manager, Moore may be liable for injuries suffered by Plaintiff, who was an invitee to the store that Moore helped manage. *See, e.g.*, *Wicks v. Milzoco Builders, Inc.*, 470 A.2d 86, 90 (Pa. 1983) ("[A]n officer of a corporation who takes part in the commission of a tort by the corporation is personally liable therefor."); *Com. ex rel. Corbett v.*

---

[1] In *Abels,* the Third Circuit held that plaintiff could defeat diversity even by naming unidentified "Doe" defendants. *Abels*, 770 F.2d at 32.

*Snyder*, 977 A.2d 28, 45-46 (Pa. Commw. Ct. June 9, 2009) (extending *Wicks* to apply to ordinary employees). To argue otherwise, Walmart Defendants rely on two passages from *Wicks*—that "an officer of a corporation who takes no part in the commission of the tort committed by the corporation is not personally liable to third persons for such a tort," and that liability may attach "only where the corporate officer is an actor who participates in the wrongful acts." ECF 9, at 7 (citing *Wicks*, 470 A.2d at 90). But in this context, where the essential issue is the duty owed by a store manager to a business invitee, the Walmart Defendants interpret *Wicks*'s "participation" language in a way that is too narrow and artificial.

The complaint here pleads facts from which a court could infer that Defendant Moore participated in the commission of a tort. For instance, Plaintiff alleges that Moore failed "to ensure the real property, specifically the aisles where shoppers like the Plaintiff was traveling, were properly inspected, cleaned and maintained so as to allow for an unobstructed and safe path for Plaintiff and others lawfully walking thereon." ECF 1, Ex. A, ¶ 20(k). Such an allegation against the manager of a store pleads "the improper performance of an act, not the mere omission of an act which a person ought to do," namely, the act of supervision. *Ramos*, 202 F. Supp. 3d at 464 (internal quotation marks omitted); *see also Camilli v. Wal-Mart Stores, Inc.*, 2019 WL 1432481, at *4-5 (E.D. Pa. Mar. 28, 2019) (Surrick, J.).

Plaintiff's case against Moore may be weak. Plaintiff may ultimately fail to state a claim against Moore under Pennsylvania law. But the test for fraudulent joinder is not whether Plaintiff's claims are weak or whether Plaintiff may fail to state a claim. To prevail, Defendants must show that the claim against the nondiverse defendant is "wholly insubstantial and frivolous." *In re Briscoe*, 448 F.3d at 218. I cannot with any certainty conclude that there is no set of facts whereby Plaintiff might establish that Moore participated in the commission of a tort

4

under Pennsylvania law.  It follows that I cannot deem her to have been fraudulently joined, making remand appropriate.

    /s/ Gerald Austin McHugh
United States District Judge